IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

EVAN CONLEY FISHINGHAWK                                                                 PLAINTIFF

v.                                           Case No. 5:15-CV-05255

MEDICAL SUPERVISOR TYRANNY RAY;
NURSE PATRICIA DAVIS; and NURSE
LEAH BRANYAN                                                                            DEFENDANTS

**OPINION AND ORDER**

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*.

Plaintiff is incarcerated the Benton County Detention Center (BCDC). He filed this lawsuit on October 13, 2015, maintaining he is being denied adequate dental care. Since September 24, 2015, Plaintiff contends he has had a severe toothache. The case is before the Court on a number of motions for injunctive relief (Docs. 12, 31, 33, 34) filed by the Plaintiff and a motion to dismiss (Doc. 16) filed by the Defendants.

**I.    Motions for Injunctive Relief**

As noted above, Plaintiff has filed a number of motions seeking injunctive relief.

**A.    Motion for a Medical Injunction** (Doc. 12)

Plaintiff asks the Court to order Defendants to provide him with emergency dental treatment and/or order his release so he can make his own arrangements for treatment. In this regard, Plaintiff indicates he is a Cherokee Tribal Member and is provided free dental care at the Hastings Indian Hospital.

He states he has been in constant excruciating pain for months. He indicates half a tooth is broken and there is a "severe cavity connected to [his] gums." (Doc. 12, p. 1). He states he

also has several other cavities and a wisdom tooth coming in. He indicates that Defendants' only response has been to place him on a dental list.

Defendants respond (Doc. 26) that this request has been mooted. They note the Plaintiff has been on pain relievers and has been seen twice by a dentist. Defendants indicate the tooth causing the pain has been extracted.

This motion (Doc. 12) is DENIED as MOOT.

### B. Motion for Injunction Against Defendant Ray (Doc. 31)

Here, Plaintiff contends Nurse Ray is denying him blood pressure medication because he previously refused it. (Doc. 31, p. 6). Plaintiff states he has asked to be put back on the medication and has asked to see the doctor. Plaintiff contends Nurse Ray is acting with "animosity/reprisal" and it is "stressing" him out. *Id*. at p. 1.

In response, Defendant Ray notes that Plaintiff discontinued taking his blood pressure medication on January 8, 2016. (Doc. 32-1, ¶ 3). On February 4th, 5th, 9th, 10th, and 12th, Nurse Ray indicates she checked the Plaintiff's blood pressure. *Id*. at ¶¶ 4-8. On each occasion his blood pressure was within normal range. *Id.* at ¶ 9. Nurse Ray indicates she has been in contact with the jail doctor and he was assessing the Plaintiff's need to be placed on blood pressure medication. *Id.*

Rule 65 of the Federal Rules of Civil Procedure governs the issuance of temporary restraining orders and preliminary injunctions. Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Defense Council, Inc*., 555 U.S. 7, 22 (2008). The basic purpose of injunctive relief is to preserve the status quo. *H & R Block Tax Services LLC v. Acevedo-Lopez*, 742 F.3d 1074, 1078 (8th Cir. 2014).

In deciding a motion for a temporary restraining order or a motion for preliminary injunction, the courts are instructed to consider what have come to be known as the *Dataphase* factors. *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109, 113-114 (8th Cir. 1981) (en banc). These factors are the: (1) probability of success on the merits; (2) threat of irreparable harm to the movant; (3) balance between this harm and the injury that granting the injunction will inflict on other interested parties; and (4) whether the issuance of an injunction is in the public interest. *Id.*; *see also H & R Block*, 742 F.3d at 1078. No single factor in itself is dispositive; rather, each factor must be considered to determine whether the balance of equities weighs in favor of granting the injunction. *See Sanborn Mfg., Inc. v. Campbell Hausfeld/Scott*, 997 F.2d 484,486 (8th Cir. 1993); *Calvin Klein Cosmetics Corp. v. Lenox Lab., Inc.*, 815 F.2d 500, 503 (8th Cir.1987). In a prison or detention center setting, injunctions are "viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (internal quotation marks and citation denied).

With respect to the likelihood of success on the merits, Plaintiff relies solely on his allegations regarding his need for blood pressure medication. His assertions are conclusory and he submitted no materials in support of this motion.

The Eighth Amendment's deliberate indifference standard applies to claims of denial of medical or dental care. "[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *County of Sacramento v. Lewis*, 523 U.S. 833 (1998) (citation omitted). The Eighth Amendment to the United States Constitution prohibits the imposition of cruel and unusual punishment. S*ee also Butler v. Fletcher*, 465 F.3d 340, 345 (8th Cir. 2006) (deliberate indifference standard of the Eighth Amendment applies to all

claims that prison officials failed to provide adequate food, clothing, shelter, medical care, etc., whether brought by pretrial detainees or convicted inmates). The Cruel and Unusual Punishment Clause of the Eighth Amendment forbids conditions that involve the "wanton and unnecessary infliction of pain," or are "grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element. *See Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." *Revels*, 382 F.3d at 875 (citations and internal quotation marks omitted). Deliberate indifference is established when the plaintiff shows "the defendant was substantially aware of but disregarded an excessive risk to inmate health or safety." *Id*. The standards against which a court measures prison conditions are "the evolving standards of decency that mark the progress of a maturing society." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). While the Court considered Plaintiff's allegations as sufficient to state a claim for relief, and therefore served the complaint on the Defendants, Plaintiff must do more than state a claim to show a likelihood of success on the merits. He has not done so here.

Plaintiff's claim that he will suffer irreparable harm if the injunction is not issued is based on his belief that he should be placed back on blood pressure medication. However, Defendant Ray, by affidavit, has indicated that Plaintiff's blood pressure is being monitored and the readings have been within the normal range. Injunctive relief is extraordinary in nature. A mere allegation that Plaintiff believes he should be on blood pressure medication does not amount to irreparable harm.

In balancing the harm and the injury to the Defendants if the injunction is granted, I believe the balance favors the Defendants. Granting the injunction would amount to this Court interfering with Defendants' exercise of their medical judgment.

In assessing whether the issuance of an injunction would be in the public interest, it must be remembered that the "federal courts do not sit to supervise [county] prisons, the administration of which is of acute interest to the [county]." *Meachum v. Fano*, 427 U.S. 215, 229 (1976). It has been concluded that "protecting constitutional rights of inmates by maintaining the status quo for a handful of inmates outweighs the public interest in minimizing court interference in the orderly and secure running of the prison system." *Bear v. Kautzky*, 305 F.3rd 802, 805 (8th Cir. 2002) (affirmance--quoting lower court). In this instance, the relief Plaintiff seeks would not maintain the status quo; instead, the relief he seeks would require dictating to the detention center what type of care must be provided to the Plaintiff. Public interest does not favor interference with the operations of a detention facility.

Moreover, Plaintiff is seeking injunctive relief on a claim entirely different from the claims made in his complaint. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (no preliminary injunction where motion for relief was based on assertions of retaliation that were entirely different from initial claim). The motion for injunctive relief (Doc. 31) is DENIED.

    **C.**    **Motion for a Temporary Restraining Order** (Doc. 33)

In this motion, Plaintiff asserts that the doctor ordered him to have a medical mattress 24/7. He asserts that the doctor's orders are not being followed. He indicates he was given a disciplinary for flooding his cell, which he did in an effort to get another inmate to quit sexually harassing him.

Once again, the claims for injunctive relief are unrelated to the dental care claim asserted in the complaint. The motion (Doc. 33) is DENIED.

### D.     Motion for a Temporary Restraining Order (Doc. 34)

Again, this motion deals with Plaintiff's claim that he is being denied blood pressure medication and access to the doctor concerning it. He states that he does not trust Nurse Ray's blood pressure progress notes. In Plaintiff's view, Nurse Ray is doing "just a little to cover her self." (Doc. 34, p. 1).

Defendants point out that this motion is based on the same claims addressed in the prior motion (Doc. 31). They indicate Plaintiff's blood pressure was taken five more times prior to the Plaintiff being seen on February 19, 2016, by the jail doctor. (Doc. 36, p. 2). They indicate the doctor determined Plaintiff did not need to be placed on blood pressure medication. *Id.* Defendants ask that they be granted a reasonable attorney's fee for having to respond to the Plaintiff's repeated motions for injunctive relief.

The motion (Doc. 34) is DENIED. The claims for injunctive relief are unrelated to the dental care claim asserted in the complaint. The request for fees is denied. However, Plaintiff is admonished not to file repetitive motions.

## II.    Amended Motion to Dismiss (Doc. 16)

Defendants are employed by Southern Health Partners, Inc. (SHP). Official capacity claims against them are the equivalent of claims against SHP. Defendants maintain that the Plaintiff has failed to allege any facts that show that an official institutional policy or custom reflected deliberate indifference to his serious medical needs. They therefore move for dismissal of all official capacity claims.

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that

is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden*, 588 F.3d at 594 (quoting *Iqbal*, 556 U.S. at 678). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (while pro se complaints are liberally construed, they must allege sufficient facts to support the claims).

In response (Docs. 14, 19-20), Plaintiff asserts that he has been denied emergency dental treatment since September 24, 2015, even though he has a broken tooth with a severe cavity, other cavities, and a wisdom tooth coming in. Plaintiff asks that the motion to dismiss be denied and the parties be allowed to conduct discovery. Plaintiff believes it is a policy, practice, or custom of the Defendant to merely put inmates on a dental list without regard to the severity of their condition and without regard to the amount of time it is taking for the inmates to actually see a dentist. At this stage, this is sufficient to allege the existence of an unconstitutional policy, custom, or practice. The motion to dismiss (Doc. 16) is DENIED.

### III. Conclusion

For the reasons set forth above, IT IS ORDERED that the motions for injunctive relief (Docs. 12, 31, 33, and 34) and motion to dismiss (Doc. 16) are all DENIED.

IT IS SO ORDERED this 30th day of March, 2016.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE