IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

EVAN CONLEY FISHINGHAWK                                                              PLAINTIFF

      v.                                  Civil No. 15-5255

MEDICAL SUPERVISOR TYRANNY RAY;
NURSE PATRICIA DAVIS; and NURSE
LEAH BRANYAN                                                                         DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis.*

On May 10, 2016, a scheduling order was issued setting a summary judgment hearing on October 3, 2016, at 9:30 a.m. The order was sent to the Cherokee County Detention Center and was returned as undeliverable. Plaintiff's address was changed to a free world address in Oklahoma and the order resent to that address.

On June 9, 2016, an order (Doc. 67) was entered directing the Plaintiff to advise the Court by June 27, 2016, if he intended to dismiss the case. Plaintiff responded by filing a motion for summary judgment (Doc. 68).

On September 16, 2016, an order to communicate (Doc. 76) was entered. Plaintiff was asked to advise the Court whether he would appear at the hearing. Plaintiff responded on September 29, 2016 (Doc. 77), stating that he would be attending the hearing.

The morning of October 3, 2016, Plaintiff, accompanied by a female companion, appeared at the courthouse shortly after 9:00 a.m. When asked by the pro se law clerk if he had any questions about the hearing, Plaintiff inquired if it would be possible to dismiss or delay the case in order to consult an attorney. Plaintiff was advised that the Court would discuss that with him when the hearing began.

At approximately 9:35 p.m., prior to the beginning of the hearing, Plaintiff requested leave to go to his car and change his shirt as he was too warm. Permission was granted. Plaintiff and his companion exited the courtroom. Plaintiff did not return to the courtroom. Court security cameras showed Plaintiff and his companion driving away from the courthouse. The Court waited until 9:55 a.m. before determining that Plaintiff did not plan to return. A record was made and the hearing adjourned.

On October 3, 2016, a show cause order (Doc. 78) was entered giving the Plaintiff until October 17, 2016, to show cause why he failed to obey the order of the Court and remain present for his scheduled hearing. Plaintiff was advised that if he failed to respond to the show cause order, the case would be subject to dismissal with prejudice.

Plaintiff has not responded to the show cause order. The show cause order was not returned as undeliverable. Plaintiff has not communicated with the Court in anyway.

I therefore recommend that this case be dismissed with prejudice based on the Plaintiff's failure to prosecute. Fed. R. Civ. P. 41(b).

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 27th day of October 2016.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)